Appeal dismissed, without costs.

---

## Matter of the Appeal from the Transfer Tax Assessed Upon the Estate of NATHAN F. GRAVES, Deceased.

(*Surrogate's Court, Onondaga County, Filed April,* 1901.)

1. TRANSFER TAX—EXEMPTION REFUSED TRUSTEES FOR CHARITABLE PURPOSES WHERE THERE WAS NO INCORPORATION—REMAINDER OF A TRUST PASSING TO THE COURT NOT TAXABLE—L. 1900, ch. 382, § 2, NOT RETROACTIVE.

A devise and bequest of a residuary estate to trustees, in order to found, erect and maintain a home for aged persons incapable of supporting themselves or having slender means of support, is not exempt from the transfer tax under the Tax Law as it stood when passed in 1896, as persons, not a corporation or an association, are not entitled under sub-division 7 of section 4 of that law to exemption from general taxation, even though the transfer to them was for a charitable or benevolent purpose, and hence they cannot be exempt from the transfer tax.

2. SAME.

Where, however, the devise and bequest to the trustees are measured by two lives in being, the transfer tax can be imposed on the value thereof during those two lives only; the remainder not being

taxable as it will pass to the Supreme Court which is a branch of the State government.

The transfer tax is to be determined by the law as it stood when the testator died and the amendatory act (L. 1900, ch. 382, § 2) is not to be given any retroactive effect.

Revised, 66 App. Div. 267.

Appeal from an order assessing a tax of five per cent. upon the bequest and devise of the residue of the estate of Nathan F. Graves, deceased, to trustees for the purpose of founding and maintaining a charitable and benevolent institution to be known as " Graves' Home for the Aged."

Augustus C. Stevens and G. R. Cook, for executors; M. A. Graves, for appellants; John McLennan, for State Comptroller, respondent.

GLASS, S.—This is an appeal from the assessment of a tax of five per cent. upon the bequest and devise of the residue of the estate of Nathan F. Graves, deceased, to trustees for the purpose of founding and maintaining a charitable and benevolent institution to be known as the " Graves' Home for the Aged." The appraiser fixed the value of such residue at the sum of $90,243.23, and upon his report a tax was assessed thereon, as required by the statute, at the sum of $5,545.44, including interest.

The bequest and devise was under the tenth clause of the will, which provides as follows:

" I give, devise and bequeath all the rest and residue of my property of every kind, personal and real, wherever situate, to my trustees hereinafter named, for the purpose of founding, erecting and maintaining ' Graves' Home for the Aged,' to be located in the city of Syracuse in the State of New York. It is intended as a home for those who, by misfortune, have become incapable of providing for themselves, and those who have slender means of support. The institution to be known as the

' Graves' Home for the Aged.' And I hereby appoint Charles E. Stevens, Rasselas A. Bonta and Maurice A. Graves for the trustees to execute the above trust."

It is claimed in behalf of the executors and trustees that the legacy and devise in question is exempt from the transfer tax by virtue of the provisions of sections 4 and 220 of the Tax Law.

The Comptroller on the other hand contends that no exemption is granted by the sections in question; and that if exemption ever did exist by virtue of those sections of the Tax Law, it has been taken away by the amendment of 1900 known as section 243 of the Tax Law.

Mr. Graves died on the 21st day of July, 1896. The amendment of 1900, passed nearly four years after the testator's death, has no application in this case, in my opinion, for the reason that, even if the Legislature had the power to take away an exemption then existing upon any transfer previously made, it does not seem reasonable to suppose that the Legislature had any intention so to do, or had in mind any retroactive effect of the amendment; so that the question of the exemption of this legacy and devise must be determined upon the law as it stood at the time of the testator's death. That is found in chapter 908 of the Laws of 1896, constituting chapter 24 of the General Laws and denominated the Tax Law. Section 220 imposes a tax upon transfers of real or personal property in certain cases, including those by will, in trust or otherwise, " to persons or corporations not exempt by law from taxation on real or personal property."

Section 3 of the Tax Law is as follows:

" § 3. Property liable to taxation.—All real property within this State, and all personal property situated or owned within this State, is taxable unless exempt from taxation by law."

Section 4 of the Tax Law in seventeen subdivisions enumerates various kinds and classes of property which it declares

shall be exempt from taxation. The seventh subdivision is the only enumeration which could by any possibility be claimed to be applicable to the present case, and that is as follows:

" 7. The real property of a corporation or association organized exclusively for the moral or mental improvement of men or women or for . . . charitable, benevolent . . . hospital, infirmary . . . purposes . . . and the personal property of any such corporation or association shall be exempt from taxation."

It is impossible to see how the bequest and devise to the three persons named can be said to be to a corporation or association organized exclusively for either of the purposes named. The legatees and devisees are not a corporation or even an association within the meaning of the statute, for the statute evidently contemplates a formal organization, under some law, of a body of persons for some one or more of the purposes mentioned. Allen v. Stevens, 161 N. Y. 148. The transfer of property to the persons named, in trust, was, it is true, for a charitable and benevolent purpose, but the statute requires that the transfer must be to a corporation or association, organized, in order to be exempt from the tax. The real or personal property of trustees for a charitable or benevolent purpose has not yet been accorded exemption from general taxation by the laws of this State; and consequently a transfer to such trustees is subjected to a tax by the terms of section 220.

The devise and bequest to the trustees mentioned was, however, only for a period measured by the lives of Catherine G. Roby and Helen B. Graves, mentioned in the eleventh clause of the will.

In Allen v. Stevens, *supra,* construing this will, the Court of Appeals says: " In this case trustees were named, and, as the eleventh clause of the will expressly prohibits the trustees from holding any portion of the testator's property longer than the lives of the two persons in being therein named, it must be

held that the trustees are charged with the management and conduct of the trust until the expiration of a period measured by the two lives in being, *at which time the title to the trust property will vest in the Supreme Court under the statute."*

It seems to follow necessarily from the decision that the transfer tax should have been imposed only upon the value of the legacy and devise during the lives of the two persons in being mentioned in the eleventh clause; and as after that period the title to the trust property will be in the Supreme Court, the remainder so passing to the Supreme Court is exempt from the tax, the court being a mere branch or arm of the State government; and in the nature of things, untaxable; it is my opinion, therefore, that the assessment of the tax was erroneous in so far as the appraiser did not confine his valuation of the property bequeathed and devised to its value for the period measured by the lives of the two persons in being mentioned in the eleventh clause of the will, but, on the contrary, assumed that the trustees have absolute and unlimited ownership of the residue of the estate.

An order should be made, therefore, setting aside the assessment of the tax in question and appointing the county treasurer as the appraiser to fix and determine the fair market value of the legacy and devise of the residue of the estate to the trustees during the lives of the two persons mentioned in the eleventh clause of the will and adjudging the remainder of the bequest and devise so passing to the Supreme Court, to be exempt from the tax.

It was conceded upon the hearing that the assessment of a tax upon the legacy of Helen A. Graves should be set aside, for the reason that her legacy lapsed by reason of her death prior to that of the testator; and also that the legacy to Maurice A. Graves individually should be reduced in valuation from $1,225 to $225 and a corresponding reduction made of the tax thereon.

The appellants should be allowed costs upon this appeal, to be deducted from and retained by them out of any interest accruing or otherwise chargeable upon the tax.

An order accordingly may be entered on five days' notice.

Decreed accordingly.